UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X

CHRISTA SATTERTHWAITE

                Plaintiff,                         **ECF CASE**

-against-

                                                        **TRIAL BY JURY**
                                                         **DEMANDED**

**THE CITY OF NEW YORK (CITY); THE NEW
YORK CITY POLICE DEPARTMENT (NYPD);**      CIVIL NO.
**Individually and in his official capacity as then
NEW YORK CITY POLICE OFFICER –
POLICE OFFICER JERRY BOWENS**

                Defendants.
------------------------------------------------------------X

Plaintiff, Christa Satterthwaite, by and through her attorney, Rudy Velez, Esq., respectfully shows to this court and alleges, as follows:

## INTRODUCTION

1. This is a civil rights action in which the plaintiff, CHRISTA SATTERTHWAITE seeks relief for the defendants' violations of his rights secured by the Civil Rights Act of 1871, 42 U.S.C. §1983 and the Fourth and fourteenth Amendments of the New York State Constitution and Constitution of the United States.

2. Plaintiff seeks money damages, attorney's fees and such further relief as this Court deems just and proper.

3. This action has been commenced within three years after plaintiff's claim arose by reason of the termination of the criminal prosecution in favor of the plaintiff.

## JURISDICTION AND VENUE

4. This action is brought pursuant to 42 U.S.C. §1983 and 1988, and the Fourth, Fifth and Fourteenth Amendments to the United States Constitution and the laws of the State of New York.

5. Jurisdiction is founded upon 28 U.S.C. §1331,1343 (1-4) and 2202.

6. Venue is proper in this district pursuant to 28 U.S.C. § 1391 (b).

## JURY DEMAND

7. Plaintiff demands trial by jury in this action.

## PARTIES

8. Plaintiff CHRISTA SATTERTHWAITE (SATTERTHWAITE) is an American Citizen residing in Bronx, New York. She has not been convicted of any crime since her release from custody after serving her sentence for the conviction described in this complaint.

9. Defendant CITY OF NEW YORK (CITY) is a municipal corporation organized under the laws of the State of New York and the public employer of the police officer named as a defendant I this action.

10. Defendant NEW YORK CITY POLICE DEPARTMENT (NYPD) is an agency of the City of New York, existing and operating by virtue of the laws of the State of New York and the City of New York.

11. At all times relevant herein, defendant POLICE OFFICER JERRY BOWENS (BOWENS) was a Police Officer of the NYPD, acting as an agent, servant and employee of defendant CITY and in furtherance of the scope of his employment and acting under color of the law; to wit under color of statues, ordinances, regulations, policies, customs and usages of the CITY and/or the Police Department.

12. At all times relevant herein, defendant BOWENS, was a police officer employed by the NYPD.

13. BOWENS was fired from NYPD after his felony conviction in January, 2011 for conspiracy to steal drugs from suspects and give the dope to snitches.
    He resigned from the NYPD.

14. At all times relevant herein, defendant BOWENS was acting as agent, servant and employee of defendant City of New York.

15. At all times relevant herein, the defendant was all acting under color of state law.

## FACTUAL ALLEGATIONS APPLICABLE TO ALL COUNTS

16. On March 15, 2007, at approximately 10:45 P.M. plaintiff was in a shopping mall with four others, coming out of a store, located in the vicinity of 37 Centre Mall, County of Kings, state of New York, when she allegedly possess a pipe contain -cocaine. She was arrested and taken to Brooklyn Central booking.

17. These charges were entirely fabricated. Plaintiff did not possess narcotics.

18. In his sworn Criminal Court Complaint defendant BOWENS claimed, that plaintiff was observed by him to possess the aforementioned pipe which she allegedly held in her hand. In addition, then police officer BOWENS claims he recovered 29 vials

contain crack-cocaine from SATTERTHWAITE person.

19. This sworn statement was entirely fabricated. Plaintiff did not possess either a pipe or additional vials of crack-cocaine as then Police Officer BOWENS claimed. While Police officer BOWENS face Criminal charges for police misconduct he murdered his girlfriend and attempted to murder his girlfriend's friend. Plaintiff's conviction for possess of crack-cocaine was vacated, and her indictment dismissed with the consent of the Kings County District Attorney's Office on November 4, 2022. Other convictions from cases in which BOWENS play a key role were also vacated and dismissed on or about November 4, 2022.

20. According to a New York Times article of November 17, 2022, the Kings County District Attorney's office consented to the vacatur of numerous convictions that had relied upon 13 former police officers who had subsequently been convicted of crimes. Forty-seven of the cases including plaintiff's, were felonies.

21. On November 4, 2022 SATTERTHWAITE criminal court counsel moved to vacate SATTERTHWAITE' conviction pursuant to a writ of error coram nobis.

22. According to the same article, in 2021 and 022 a total of 876 convictions –250 in the Bronx, 188 in Manhattan, 378 in Brooklyn, and 60 in Queens—were vacated upon consent of the District Attorneys because the convictions depended on the word of NYPD officers who had been convicted of crimes or otherwise discredited.

23. While in the state prison plaintiff was attacked and physically assaulted by other inmates. She was severely traumatized and suffered severe physical and emotional harm.

24. The acts complained of herein, and the vacatur of 876 convictions referenced in par. are a direct and proximate result of the failure of the City of New York and the NYPD properly to select, train, supervise, promote and discipline police officers and supervisory officers.

25. The failure of the City of New York and the NYPD properly to select, train, supervise, promote and discipline police officer and supervisory officers constitutes gross and deliberate indifference to unconstitutional conduct by those officers.

26. The official policies, practices and customs of the City of New York and the NYPD, alleged herein violated plaintiff's rights guaranteed by 42 USC § 1983 and the Fourth and Fourteenth Amendments to the Constitution of the United States.

27. The conduct towards plaintiff alleged in this Second Claim for Relief subjected plaintiff to trauma, shock, debasement, shame, fright, fear, humiliation, embarrassment, loss of freedom, harassment, and physical, psychological and emotional injury, trauma, pain, suffering.

28. The Supreme Court of New York, County of Kings ordered that SATTERTHWAITE judgement of conviction be vacated on November 4, 2022. In addition, on this same date, it was further ordered that SATTERTHWAITE indictment be dismissed with prejudice.

## CAUSES OF ACTION

### COUNT ONE

### 42 U.S.C. § 1981, 1983 Fourth and Fourteenth

### Violations: Malicious Prosecution

29. The plaintiff incorporates by reference the allegations set forth in all proceeding paragraphs 1 through 28 as if fully set forth herein.

30. On or about March 15, 2007 the defendants initiated a criminal proceeding against the plaintiff by misrepresenting and falsifying evidence in the criminal court brought by and signed by then P.O. BOWENS P.O. BOWENS continued his lies in the grand jury in order to secure an indictment.

31. P.O. BOWENS was the primary witness and there was no other independent evidence to support his claims.

32. Plaintiff states that then P.O. BOWENS did not make a complete and full statement of facts. P.O. BOWENS misrepresented and falsified evidence that created a falsehood in signing the felony complaint and P.O. BOWENS lies were material for a finding of probable cause.

33. In commencing and continuing the prosecution of plaintiff, defendants caused plaintiff to be falsely charged with acts in violation of the Penal law of the State of New York.

34. Plaintiff had not given defendant CITY, its agents, servants or employees, including then P.O. BOWENS probable cause to believe that plaintiff had committed the falsely charged illegal acts.

35. The defendants acted with malice because then P.O. did not arrest plaintiff with the desire to see the ends of justice served but rather with a false motive of planting and fabricating evidence.

36. As a result of the false evidence provided by defendants, plaintiff was forced under threat of issuance of a warrant to defend against false charges.

37. Plaintiff ultimately was deprived of her liberty by serving 2 years, incarceration. In addition her liberty was further restricted by Plaintiff completing supervisory release.

38. The conduct of the defendants was the direct and proximate cause of plaintiff's loss of liberty for 2 years and violated plaintiff's statutory rights guaranteed by the laws and Constitution of New York and the United States.

39. On November 4, 2022, plaintiff's conviction as vacated and the indictment dismissed with prejudice pursuant to an order of the Supreme Court, of the State of New York.

## COUNT TWO

## 42 U.S.C.§1981, 1983 AND THE FOURTEENTH AMENDMENT

## VIOLATIONS FOR FABRICATED EVIDENCE

40. Plaintiff repeats and reiterated the allegations contained in paragraphs "1" through "39" of the complaint as if fully set forth herein.

41. On or about March 15, 2007 in the County of Kings, New York, SATTERTHWAITE was unlawfully detained, arrested, imprisoned by agents, servants and/or employees of defendant, CITY including P.O. BOWENS

42. That the aforesaid and imprisonment was malicious, unlawful, and not based upon a warrant, probable cause, and or any justification but based on fabricated – evidence.

43. That defendant CITY, through its agents, servants and/or employees, including police defendants, P.O. BOWENS acted in bad faith and without probable cause in committing the aforesaid arrest and imprisonment of SATTERTHWAITE. Police

Officer BOWENS fabricated information, to wit he lied about his observation of crack-cocaine SATTERTHWAITE hand and that he recovered vials of crack-cocaine from SATTERTHWAITE person.

44. That the aforesaid arrest and imprisonment was made with fabricated evidence as sworn to in the criminal complaint. The information BOWENS forwarded to prosecutors formed the basis for SATTERWAITE prosecution and SATTERTHWAITE became aware that this fabricated evidence if believed would likely influence a jury's verdict and convict SATTERWAITE.

45. The aforesaid fabrication of evidence caused SATTERWAITE to suffer a deprivation of her liberty for 2 years, a long with a further restriction of her liberty by being placed on two years supervise release.

46. By reason of the foregoing, the defendants became liable to SATTERWAITE in a sum of money which exceeds the jurisdiction limits of all courts of lesser jurisdiction.

## COUNT THREE

## MUNICIPAL LIABILITY FOR

## CONSTITUTIONAL VIOLATIONS: MONELL CLAIM

47. Plaintiff realleges and incorporates by reference the allegations set forth in paragraphs "1" through "46" of this complaint.

48. Prior to March 15, 2007 defendant CITY developed and maintained polices and customs which caused the deprivation of plaintiff's Constitutional rights.

49. Prior to March 15, 2007 the responsible policy making officials of defendant CITY

knew, or in the exercise of reasonable care should have known, that individual police officers of the CITY had engaged in a pattern and practice of Illegal and unconstitutional conduct, including performing false arrests, malicious prosecutions and unconstitutional searches on arrestees. Specifically, defendants CITY knew or should have known that defendants P.O. BOWENS and other Brooklyn police officers had falsely arrested and/or unlawfully searched numerous other people, often resulting in tainted prosecutions.

50. Despite knowledge of the aforesaid, patter and practice, defendant CITY failed to properly investigate this conduct, and failed to supervise, train and discipline the officers of the New York City Police Department.

51. Defendant CITY adopted a "hands off" policy of custom with regard to such illegal and unconstitutional acts committed by police officers, which encouraged the individual defendants int his case to believe that they could violate the constitutional rights of the plaintiff with impunity and with the explicit or tacit approval of defendant CITY, in violation of 42 U.S.C. § 1983.

**52.** As a result of the foregoing, plaintiff sustained the damages and injuries previously described, and seeks compensatory damages from the City of New York.

### DAMAGES

53. As a direct and proximate result of the said acts of the defendant, CHRISTA SATTERTHWAITE suffered the following injuries and damages:

   a. Violation of his rights under the Fourth and Fourteen Amendments to the

Constitution:

b. Loss of physical liberty due to incarceration:

c. Further restriction on his liberty due to forced court appearance:

d. Humiliation, embarrassment, injury to reputation, physical abuse;

e. Extreme emotional distress;

f. Severe disruption of family.

**WHEREFORE**, plaintiff requests the following relief as against all of the defendants:

1. Award compensatory damages in an amount to be determine by the Court.

2. Award attorneys' fees as fair and reasonable compensation for services rendered in connection with this action;

3. For such other and further relief as to this Court may deem just and proper.

Respectfully submitted,

*Rudy Velez*

RUDY VELEZ/RV/7160
930 Grand Concourse suite 1A
Bronx, New York 10451
(917) 674-0573
rvesq@yahoo.com

Dated: August 24, 2024
Bronx, New York